**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**SM MEDICAL HOLDINGS CORPORATION,** ***a/a/o*** *NR PENNSYLVANIA ASSOCIATES, LLC a/k/a RETREAT AT LANCASTER COUNTY, RETREAT BEHAVIORAL HEALTH, and NR FLORIDA ASSOCIATES, LLC a/k/a RETREAT AT PALM BEACH COUNTY, RETREAT BEHAVIORAL HEALTH,*

Plaintiff,

v.

**CIGNA HEALTH AND LIFE INSURANCE COMPANY,**

Defendant.

Civil Action No. 26-164 (ZNQ) (JBD)

**OPINION**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendant Cigna Health and Life Insurance Company ("Cigna") (the "Motion," ECF No. 10.) Cigna filed a moving brief in support of the Motion ("Moving Br.," ECF No. 10-1.) Plaintiff SM Medical Holdings Corporation, as assignee of NR Pennsylvania Associates, LLC a/k/a Retreat at Lancaster County, Retreat Behavioral Health, and NR Floria Associates, LLC a/k/a Retreat at Palm Beach County, Retreat Behavioral Health ("Plaintiff") filed an opposition. ("Opp'n Br.," ECF No. 13.) Cigna filed a reply. ("Reply Br.," ECF No. 14.)

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

For the reasons set forth below, the Court will **GRANT** the Motion and **DISMISS** the Complaint without prejudice.

## I. BACKGROUND

The present case arises out of an alleged Bill of Sale, whereby Plaintiff purchased certain receivables due from Cigna. (Notice of Removal, Exhibit A, Complaint ("Compl."), ECF No. 1–1, ¶ 1.) Plaintiff alleges that it demanded payment for these receivables from Cigna, and as of the date of the filing of the Complaint, Cigna failed to pay. (*Id.* ¶ 3.) Plaintiff further alleges that it rendered services to Cigna "upon the promise by Cigna to pay the agreed amount." (*Id.* ¶ 4.) Thus, Plaintiff asserts that it has brought this lawsuit to recover from Cigna "the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to Cigna upon the promise of Cigna to pay a reasonable price for the same." (*Id.* ¶ 5.) Finally, it is alleged that Cigna promised to pay Plaintiff, upon demand, $923,194.61, and while Plaintiff has made the demand, payment has not been made. (*Id.* ¶ 6.)

On December 10, 2025, Plaintiff filed the Complaint against Cigna in New Jersey Superior Court, seeking judgment against Cigna in the sum of $923,194.61. (ECF No. 1-1.) On January 9, 2026, Cigna filed a Notice of Removal. (ECF No. 1.)

## II. SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 given that the parties are diverse and the amount in controversy exceeds $75,000.

## III. LEGAL STANDARD

### A. RULE 12(b)(6)

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and

the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663).

On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Lastly, generally, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). But where a document is "integral to or explicitly relied upon in the complaint," it "may be considered without converting the motion to dismiss into one for summary judgment" under Rule 56. *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022).

## IV. DISCUSSION

"A book account claim is one of the recognized remedies in New Jersey to recover the moneys due for goods sold and delivered, [and] is similar in nature to a breach of contract, except that the amount owed for services rendered can be proved by a statement of account." *CPS MedManagement LLC v. Bergen Regional Medical Center, L.P.*, 940 F. Supp. 2d 141, 151 (D.N.J. 2013) (citations and quotations omitted). "However, when the reasonable value of those services is placed in issue . . . the books of account alone usually cannot supply that proof." *Id.* (quoting *Hackensack Hosp. v. Tiajoloff*, 85 N.J. Super. 417, 419–20 (App. Div. 1964)).

The Court will therefore assess whether the Complaint states a claim for breach of contract. To plead a claim for breach of contract under New Jersey law, a plaintiff must allege four elements: "(1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party performed its own contractual duties." *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002); *Globe Motor Co. v. Igdalev*, 225 N.J. 469, 482 (2016) ("Our law imposes on a plaintiff the burden to prove four elements: first, that '[t]he parties entered into a contract containing certain terms'; second, that 'plaintiff[s] did what the contract required [them] to do'; third, that 'defendant[s] did not do what the contract required [them] to do[,]' defined as a 'breach of the contract'; and fourth, that 'defendant[s'] breach, or failure to do what the contract required, caused a loss to the plaintiff[s]'") (quoting N.J. Model Civil Instr. 4.10A (May 1998)). A party to the contract "violates the terms of a contract by failing to fulfill a requirement enumerated in the agreement." *Woytas v. Greenwood Tree Experts, Inc.*, 237 N.J. 501, 512 (2019). Where the plaintiff's claim is to recover the outstanding balance of a book account, longstanding New Jersey law dictates that:

> it should at least appear upon the copy of the account or by the state of demand that it is an account in favor of the plaintiffs and against

> the defendant, and that the nature of the claim also should be shown, so that it may appear to be the proper subject of a book account. These facts are necessary to enable the defendant to prepare his defense. For aught that appears in the state of demand, the goods may have been sold by a third party to the defendant, and the account assigned to the plaintiffs; or the goods may have been sold by the plaintiffs to a third party, and the claim against the defendant may be upon a guaranty of the account. The mere statement that the demand is upon a book account, without showing the parties to the account, admits of either of these interpretations, as well as of the interpretations of the plaintiffs

*Weill v. Jacoby*, 72 N.J.L. 273, 274–75 (1905).

Here, the threadbare allegations in the Complaint fail to set forth a book account or breach of contract claim against Cigna for three reasons.

First, the Complaint does not allege any facts about the nature of the book account — there are no allegations explaining: (i) what the book account pertains to; (ii) whether goods *and/or* services were provided by Plaintiff to Defendant; (iii) what the goods and/or services provided actually were; (iv) when Plaintiff performed; (v) when Defendant incurred the debt; (vi) where performance occurred; (vii) what the consideration for each underlying agreement for performance was; or (viii) when, how, and to whom the demand for payment of the debt was made. The Court struggles to glean a single substantive detail from the Complaint about the purported debt owed by Cigna. In fact, the Complaint does not even definitively explain what the debt is — while initially the Complaint states that Cigna owes Plaintiff the sum of $923,194.61 on a book account (Compl. ¶ 3) and that Cigna promised "to pay the agreed amount" (*id.* ¶ 4), the Complaint immediately contradicts itself by alleging that Cigna promised "to pay a reasonable price for" the goods and/or services rendered by Plaintiff (*id.* ¶ 5.) Ultimately, the Complaint seeks recovery "for the reasonable value of goods sold and delivered, and/or services rendered" by Plaintiff to Cigna (*id.*), as well as the sum of $923,194.61 (*id.* ¶ 6.) The Complaint does not allege an identifiable connection between the "reasonable value" demand and the specific sum demanded.

In sum, the Complaint is littered with conclusory statements as to Cigna's purported promise, debt, and the book account. And the Complaint sets forth such vague assertions about the book account and the goods and/or services rendered, that it summarily fails to explain the "nature of the claim . . . [as is] necessary to enable the defendant to prepare his defense." *Weill*, 72 N.J.L. at 274.

Second, the Complaint fails to establish a breach of contract for the same reasons. The Complaint does not allege any facts showing the existence of a contract, that the assignors performed their obligations under the contract, that Cigna breached the contract, or that Cigna caused a loss to each assignor by and through its breach.

Third, the Complaint does not allege sufficient facts about the purported assignment(s) giving rise to Plaintiff's claim. Plaintiff contends that the Complaint contains sufficient information to provide adequate notice of the cause of action and the underlying claim because "it identifies the assignor facilities and the amount of the alleged debt." (Opp'n Br. at 7.) While the caption names "Plaintiff" as SM Medical, *as assignee* of NR Pennsylvania Associates, LLC a/k/a Retreat at Lancaster County, Retreat Behavioral Health, and NR Floria Associates, LLC a/k/a Retreat at Palm Beach County, Retreat Behavioral Health, and the Complaint alleges that "[p]ursuant to a Bill of Sale, SM Medical Holdings Corporation purchased certain receivables due from, among others" Cigna (Compl. ¶ 1), that is the extent of the detail provided about the assignment. As a general matter, "plaintiffs must prove that they own the . . . debts on which they sue, whether one characterizes it as standing to sue or an essential element of proof on an assigned claim." *New Century Fin. Serv., Inc. v. Oughla*, 437 N.J. Super. 299, 314 (App. Div. 2014) (in the context of credit card debt assignment). Under New Jersey law, "[a] valid assignment must contain clear evidence of the intent to transfer the person's rights and the subject matter of the assignment must be described sufficiently to make it capable of being readily identified." *In re Fiorella*, Civ.

No. 13-22318, 2014 WL 6687317, at *3 (D.N.J. Nov. 26, 2014) (quotations omitted) (quoting *Berkowitz v. Haigood*, 256 N.J. Super. 342, 346 (Law Div. 1992)). And as discussed above, the Plaintiff's allegations about the underlying claim fare no better. Merely providing the "amount of the alleged debt" (and the Court is skeptical that the Complaint even provides as much because it seeks to recover "the reasonable value" of the services provided while demanding a specific sum north of $900,000) does not, on its own, amount to sufficient detail about the underlying cause(s) of action. Plaintiff does not explain what goods or services were provided, who provided them, where they were provided, or when they were provided. There are no allegations about the underlying agreements giving rise to the debt, except that Cigna purportedly promised to pay either $923,194.61 or "a reasonable price" for the value of the goods sold or services rendered. (Compl. ¶¶ 5–6.)

To be sure, "dismissal is appropriate in cases where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Ruther v. State Ky. Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). If the Court is unable to decipher the basic facts of Plaintiff's cause of action from the Complaint — i.e., the parties, provisions and goods/services relevant to the agreements that were assigned, or any facts supporting the existence of the assignment(s) — it cannot sustain the Complaint and expect Cigna to prepare a defense to it. The Court will therefore dismiss the Complaint for failure to state a claim without prejudice.

## VI. CONCLUSION

For the reasons stated above, the Court will **GRANT** Cigna's Motion. Accordingly, the Court will **DISMISS** Plaintiff's Complaint without prejudice. Plaintiff will be given leave to file an Amended Complaint within 30 days, limited to remedying the defects identified herein. An appropriate Order will follow.

Date: November 23, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**